UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

EDWIN LEON,

Defendant.

15-CR-877 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received an application on behalf of defendant Edwin Leon seeking his

compassionate release from Federal Correctional Institution ("FCI") Fort Dix pursuant to

18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. *See*

Dkts. 315 at 4 ("Def. Ltr."), 318 ("Def. Mem.").

On May 3, 2017, following Leon's guilty plea to one count of conspiracy to commit

Hobbs Act robbery, the Court sentenced Leon to 84 months' imprisonment. *See* Dkt. 225

("Sent. Tr.") at 2, 31.  He has been in custody since his arrest in March 2016 and has served

approximately 50 months of his sentence.  *See* Dkt. 319 ("Gov't Mem.") at 3.  The Government

and Leon agree that Leon's projected release date is March 2022.  *See id.*; Def. Mem., Ex. A at 1.

Leon will also eligible to move to a halfway house as soon as September 2021.  Def. Mem. at 1.

On May 9, 2020, Leon filed an email request for compassionate release, based on his

asthma, with the warden of FCI Fort Dix.  *See* Def. Mem., Ex. A.  On May 19, 2020, the warden

denied Leon's request.  *See id.*, Ex. B.  Since that time, the 30-day time period for administrative

review by the Bureau of Prisons ("BOP") of Leon's application has expired.  On May 26, 2020,

the Court received a letter from Christine Leon, of behalf of her son, defendant Leon, seeking

Leon's release in light of the COVID-19 pandemic.  *See* Def. Ltr.  The Court directed Leon's

trial counsel to file a letter in support of that application and that the Government thereafter

submit a letter setting forth its position.  Dkt. 315 at 1.  On June 4, 2020, Leon's counsel filed a

memorandum in support.  *See* Def. Mem.  On June 5, 2020, the Government filed its response.

*See* Gov't Mem.

Leon asks the Court to "grant him compassionate release, a sentencing reduction, or order

that he serve the remainder of his sentence in home confinement."  Def. Mem. at 1.  Leon, who is

34 years old, argues he should be released because of the risk COVID-19 poses to him.  *See id.*

Specifically, he suffers from bronchial asthma and, as a result, was placed a list of FCI Fort Dix

inmates who were at high risk if they contracted COVID-19.  *Id.*  The Government opposes

Leon's early release.  *See* Gov't Mem. at 1.  It argues that Leon's motion should be denied

because Leon is a danger to the community, and the 18 U.S.C. § 3553(a) factors do not support

his release.  *Id.*

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has

fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary

and compelling circumstances warrant such a reduction," and that "such a reduction is consistent

with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the

extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are

sufficiently extraordinary and compelling to justify a reduction in sentence.  *United States v.*

*Ebbers*, 432 F. Supp. 3d 421, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4

(S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)).  Relevant here, the Commission's policy

statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a

sentence for "extraordinary and compelling reasons," including where the defendant is "suffering

from a serious physical or medical condition . . . that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which

he or she is not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant

must also not be a danger to the community and the reduction must be consistent with the

Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

The first of these factors leans in favor of Leon's early release.  The COVID-19

pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear

and present danger to free society for reasons that need no elaboration.  COVID-19 presents a

heightened risk for incarcerated defendants like Leon with respiratory conditions.  The Centers

for Disease Control warns that persons with asthma[2] are at elevated risk of serious illness if they

contract the disease.  Further, the crowded nature of federal detention centers present an outsize

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons"
because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391,
132 Stat. 5194, which allows defendants independently to seek compassionate release relief from
federal courts.  *Ebbers*, 2020 WL 91399, at *1, 4.

[2] *See People with Moderate to Severe Asthma*, Ctrs. for Disease Control and Prevention
(Mar. 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-
extra-precautions/asthma.html.

risk that the COVID-19 contagion, once it gains entry, will spread.[3]  And, realistically, a

high-risk inmate who contracts the virus while in prison will face challenges in caring for

himself.  For these reasons, in the past months, numerous courts, including this one, have ordered

the temporary release of inmates held in pretrial or presentencing custody[4] and, in more limited

instances, the compassionate release of high-risk inmates serving federal sentences.[5]  At the

same time, while Leon's asthma undoubtedly presents risks related to COVID-19, the Court

---

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[4] *See, e.g.*, *United States v. Chandler*, --- F. Supp. 3d ---, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

[5] *See, e.g.*, *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence).

notes that he is young and does not have other health conditions that compound that risk.[6]  In

addition, FCI Fort Dix currently has no active cases of COVID-19.  Gov't Mem. at 3.

The Court, however, cannot find that Leon "is not a danger to the safety of any other

person or to the community," U.S.S.G. § 1B1.13(2), as is required for compassionate release.

Leon's conduct in this case gravely endangered public safety.  He participated actively in six acts

of robbery and violence—each a separate home invasion—spanning late 2014 to early 2016.  *See*

Sent. Tr. at 18–22.  These acts were motivated by a desire to steal money and drugs, reflected an

appetite for and a repeated willingness to use violence, and victimized numerous victims.  *Id.*

at 22.  Leon engaged in such conduct notwithstanding a prior criminal record, including

narcotics, weapons, and disorderly conduct convictions.  *Id.* at 24.  For these reasons, at

sentencing, the Court rejected Leon's request for a 60-month sentence, explicitly out of concern

for the interests in public protection and specific deterrence, and found a sentence well above 60

months required.  *Id.* at 25, 31.  Having so found, the Court cannot today find that the 50-month

sentence that Leon now effectively seeks is compatible with public safety.

Independently, the Court further cannot find that the application of the § 3553(a) factors

favors Leon's release after service of approximately 60% of his announced sentence.  To be sure,

one § 3553(a) factor weighs more heavily in Leon's favor today than at the time of sentencing:

"the need to provide the defendant with needed . . . medical care."  18 U.S.C. § 3553(a).  This

---

[6] *See, e.g.*, *United States v. Hernandez*, No. 19 Cr. 169 (VM), 2020 WL 1503106, at *1
(S.D.N.Y. Mar. 30, 2020) (same for 64-year-old defendant with asthma and high blood pressure
that placed him "at a substantially heightened risk of dangerous complications should he contract
COVID-19"); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1
(S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old
defendant with COPD, in light of "unique confluence of serious health issues and other risk
factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous
complications should [he] contract COVID-19").

factor favors a shorter sentence than imposed given the risk that the COVID-19 pandemic

presents to Leon as an asthmatic.[7]  But the Court cannot comfortably find that a sentence

reduction on the order that Leon seeks would result in a sentence commensurate with the interest

in just punishment in light of the gravity of his crimes, the interest in public protection, or the

interest in specific deterrence.  For the reasons discussed in detail at Leon's sentencing, a

sentence in the range of 84 months' imprisonment was necessary to achieve those goals, viewed

in combination.  Notably, the 84 months' sentence that the Court imposed reflected a significant

downward variance from the advisory guideline range which was between 151 and 188 months.

Sent. Tr. at 31. Converting this to a 50-month sentence, in the Court's judgment would disserve

these important § 3553(a) factors.

In this respect, Leon's circumstances are distinct from those of several defendants with

similar ailments whose compassionate release the Court has granted in recent months in

recognition of the changed circumstances presented by COVID-19.  These defendants had served

a substantially greater proportion of their sentences, such that the Court found the sentence

resulting from a grant of compassionate release consistent with the § 3553(a) factors.  *See, e.g.*,

*United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 (S.D.N.Y. April 10, 2020) (ordering

compassionate release of defendant who has served all but seven months of an 88-month

sentence); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (ordering compassionate release of defendant

who had served all but 34 days of a four-month sentence); *United States v. Hernandez*,

---

[7] This interest would also support an application by Leon for a temporary furlough from prison during some or all of the pendency of the pandemic.  Whether to grant such a furlough, however, is a decision left to the unreviewable discretion of the BOP.  *United States v. Roberts*, --- F. Supp. 3d ---, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020). The Court encourages the BOP to consider with utmost attention a furlough application in this case.

--- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. April 2, 2020) (ordering compassionate release of a defendant who had served 17 months of a 24-month sentence and was scheduled for release in four months and whom the Court not to present a danger to the public).  Had Leon's application for release been made closer to his release date, this same outcome might have inhered here.

Accordingly, finding that Leon continues to pose a danger to the community and that the § 3553(a) factors considered in combination do not support a reduction of sentence, the Court denies Leon's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  This application is without prejudice to Leon's ability to seek compassionate release later in his prison term.  The Clerk of Court is respectfully directed to mail a copy of this order to Leon.


SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 11, 2020
         New York, New York